**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>JUST ENERGY GROUP INC., *et al.*,<br><br>Debtors in a Foreign Proceeding.[1] | Chapter 15<br><br>Case No. 21-30823 (MI) |
| JUST ENERGY TEXAS LP, FULCRUM RETAIL ENERGY LLC, HUDSON ENERGY SERVICES LLC, and JUST ENERGY GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. and the PUBLIC UTILITY COMMISSION OF TEXAS, INC.,<br><br>Defendants. | Adv. Proc. No. 21-4399 |

**ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.'S POST-HEARING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS COUNT THREE**

[Relates to Dkt. No. 30]

---

[1] The identifying four digits of Just Energy Group Inc.'s local Canada tax identification number are 0469. A complete list of debtor entities in these chapter 15 cases may be obtained at www.omniagentsolutions.com/justenergy.

Electric Reliability Council of Texas, Inc. ("ERCOT") files this *Post-Hearing Brief in Support of its Motion to Dismiss Count Three*.

## I.        ARGUMENT & AUTHORITIES

1.        Count Three of Just Energy Group, Inc.'s ("Just Energy") Complaint should be dismissed without prejudice rather than abated because dismissal of premature claims comports with the constitutional limitation on the Court's jurisdiction, and Just Energy will suffer no prejudice as a result. Just Energy failed to properly plead a turnover claim and cannot deny that there is a bona fide ownership dispute as to the funds in question.[2] Because Just Energy's claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all," it is not ripe.[3] "If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice."[4] Dismissal further comports with the Federal Rules of Civil Procedure because unless and until the ownership dispute is resolved in its favor, Just Energy cannot show that it is "entitled to relief" on the turnover claim.[5] Moreover, Just Energy will suffer no prejudice if the turnover claim is dismissed without prejudice

---

[2] Compl. ¶¶ 100–02 [Dkt. 1]; ERCOT's Reply in Support of Motion to Dismiss and For Abstention ¶¶ 34–35 [Dkt. 80]; *In re Welded Constr., L.P.*, 609 B.R. 101, 126 (Bankr. D. Del. 2019) ("[B]ecause the ownership of the funds in question is subject to a bona fide dispute, the action for turnover is simply premature and thus is dismissed.") (citation omitted); *In re ATP Oil & Gas Corp.* 2015 Bankr. LEXIS 781, at *8 (Bankr. S.D. Tex. Mar. 10, 2015) (Isgur, J.).

[3] *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

[4] *Serpentfoot v. Rome City Comm'n*, 322 Fed. App'x. 801, 805 (11th Cir. 2009); *see also Terenzio v. LM Gen. Ins. Co.*, 423 F. Supp. 3d 1354, 1357 (S.D. Fla. 2019) (explaining that some courts "have dismissed premature bad-faith claims on ripeness grounds because the 'case or controversy' requirement in Article III of the U.S. Constitution precludes federal courts from adjudicating claims that 'rest[ ] upon contingent future events that may not occur as anticipated, or indeed may not occur at all'") (citation omitted).

[5] *Keating v. Underwriters at Lloyds of London Syndicate 1458*, 2020 U.S. Dist. LEXIS 206294, at *4–6 (N.D. Fla. May 2020).

rather than abated. Accordingly, ERCOT respectfully requests that the Court dismiss Just Energy's turnover claim *without prejudice*, rather than abate it.

**A.   Dismissal without prejudice is required because the turnover claim is not ripe, and courts lack authority to abate claims over which they have no jurisdiction.**

2.     This Court has found that Just Energy has not demonstrated it is presently entitled to turnover. Federal courts may only rule on the merits of real and substantial controversies—not hypothetical scenarios.[6] Accordingly, courts are prevented from adjudicating cases that are not ripe or depend on "future events that may not occur as anticipated, or indeed may not occur at all."[7]

3.     "It is widely-accepted that courts lack authority to stay matters over which they lack subject matter jurisdiction."[8] Persuaded by the well-settled rule in the Eleventh Circuit, a court within this Circuit has found abatement inappropriate for premature or dependent claims and instead required dismissal without prejudice:

> [**T]he ideal disposition is a dismissal without prejudice**. In instances where an action is premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur[] **abatement is not an appropriate disposition[], and a dismissal is required** . . . While not binding on

---

[6] *Ramirez v. Tex. Low-Level Radioactive Waste Disposal Auth.*, 28 F. Supp. 2d 1019, 1020 (W.D. Tex. 1998); *New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987).

[7] *Ramirez,* 28 F. Supp. 2d at 1019 (The ripeness requirement "is necessary to prevent courts from becoming entangled in abstract disputes by adjudicating an issue prematurely.") (internal quotations omitted).

[8] *Evedon v. USAA Cas. Ins. Co.*, 2016 U.S. Dist. LEXIS 183847, at *6 (S.D. Fla. 2016) (citing *Novie v. Vill. of Montebello*, 2012 U.S. Dist. LEXIS 115948, at *16 (S.D.N.Y. Aug. 16, 2012) ("[B]ecause Plaintiffs' takings claims are not ripe, I lack subject matter jurisdiction over these claims and therefore also lack grounds on which to enter a stay.")); *Bendorf v. Ojai Basin Groundwater Mgmt. Agency*, 2012 U.S. Dist. LEXIS 126961, at *2 (C.D. Cal. July 16, 2012) ("[C]ourt lacks jurisdiction to stay unripe claims."); *Harris Patriot Healthcare Sols., LLC v. United States*, 95 Fed. Cl. 585, 597 (2010) ("[S]taying the case while retaining jurisdiction is simply not an option because, having found that plaintiff's claims are either moot or unripe, the Court has no jurisdiction to hear them, and 'must dismiss the action.'").

the Court, it is nonetheless persuasive that courts within the Eleventh Circuit have largely followed the rule that **prematurity due to dependence on a separate action is best cured by dismissal**.[9]

4.     This Court should likewise find this reasoning persuasive. Because Just Energy's turnover claim is premature and fails to state a claim upon which relief can be granted, abatement is not appropriate, and the claim should instead be dismissed without prejudice.

**B.     Just Energy will not be prejudiced by dismissal.**

5.     While premature claims can be abated when a showing is made "that the parties would somehow be prejudiced or disadvantaged by [the] dismissal" and that abatement would foster the interest of judicial economy, this generally arises in statute of limitations issues.[10] But a turnover claim has an innate "temporal limitation[] [meaning] it only becomes effective when debt is matured or otherwise payable on demand or order," and "until th[at] event occurs, there can exist no duty of turnover . . . and no violation of the stay."[11]

6.     As no showing has been (or can be) made that Just Energy's premature turnover claim will be prejudiced by dismissal, abatement is not appropriate, and Just Energy's turnover claim should be dismissed without prejudice.

---

[9] *Ruckman v. USAA Cas. Ins. Co*., 2019 U.S. Dist. LEXIS 196308, at *5 (E.D. La. Nov. 13, 2019) (citation and internal quotations omitted); *see also, e.g.*, *Progressive Am. Ins. Co. v. Webster*, 2017 U.S. Dist. LEXIS 223495, at *6-7 (N.D. Fla. Sept. 7, 2017) ("Further, Plaintiffs bear the burden of properly pleading standing and ripeness. Where, as here, the Plaintiff cannot do so, this Court is required to dismiss the unripe claim—not abate or stay.") (internal citations and quotations omitted).

[10] *Carnation Co.*, 383 U.S. at 223 (Abatement was appropriate when the "claims are subject to the Statute of Limitations and are likely to be barred by the time the [future event occurs]").

[11] *Harchar v United States (In re Harchar),* 393 B.R. 160, 172 (Bankr. N.D. Ohio 2008).

3

## II.    CONCLUSION

7.    ERCOT respectfully requests the Court dismiss Count Three of Just Energy's Complaint without prejudice.

Dated: February 16, 2022                    Respectfully submitted,

                                            **MUNSCH HARDT KOPF & HARR, P.C.**

                                            By: _/s/ Jamil N. Alibhai_
                                                Kevin M. Lippman
                                                Texas Bar No. 00784479
                                                klippman@munsch.com
                                                Deborah Perry
                                                Texas Bar No. 24002755
                                                dperry@munsch.com
                                                John Cornwell
                                                Texas Bar No. 24050450
                                                jcornwell@munsch.com
                                                Jamil N. Alibhai
                                                Texas Bar No. 00793248
                                                jalibhai@munsch.com
                                                Ross H. Parker
                                                Texas Bar No. 24007804
                                                rparker@munsch.com

                                                3800 Ross Tower
                                                500 N. Akard Street
                                                Dallas, Texas 75201-6659
                                                Telephone: (214) 855-7500
                                                Facsimile: (214) 855-7584

4

**WINSTEAD PC**
Elliot Clark
Texas Bar No. 24012428
eclark@winstead.com
Ron H. Moss (*pro hac vice motion to be filed*)
Texas Bar No. 14591025
rhmoss@winstead.com
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 370-2800
Facsimile: (512) 370-2850

**COUNSEL FOR DEFENDANT**
**ELECTRIC RELIABILITY COUNCIL OF**
**TEXAS, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on February 16, 2022, I caused a copy of the foregoing document to be served via CM/ECF on all counsel of record.

*/s/ Jamil N. Alibhai*
Jamil N. Alibhai
