IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>JUST ENERGY GROUP INC., et al.,<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br>Case No. 21-30823 (MI) |
| JUST ENERGY TEXAS LP, FULCRUM RETAIL ENERGY LLC, HUDSON ENERGY SERVICES LLC, and JUST ENERGY GROUP, INC.,<br><br>                          Plaintiffs,<br>   v.<br>ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.<br>                          Defendant. | Adv. Pro. 21-04399 (MI) |

**JUST ENERGY'S MOTION FOR DISCOVERY AND SCHEDULING CONFERENCE**

1.    Just Energy [1] respectfully requests a conference with the Court to address scheduling and more specifically to obtain the entry of the Order substantially in the form filed concurrently herewith (the "**Proposed Order**") in the event the parties are unable to negotiate a consensual Order. Just Energy will try to reach agreement with ERCOT on deadlines for fact discovery, expert discovery, summary judgment, and, to the extent necessary, trial. But, if agreement cannot be reached, Just Energy requests a Court conference simultaneously with the hearing on ERCOT's anticipated motion for an extension of time to respond to the First Amended Complaint (the "**ERCOT Motion**")[2] on February 24 at 8:30 a.m. (the "**Hearing**") so Just Energy can submit any remaining scheduling disputes for resolution. What is more, the Proposed Order

---

[1]    Capitalized terms not defined herein have the meanings ascribed to them in the First Amended Complaint [Docket No. 95] (the "**First Amended Complaint**").

[2]    As reflected in the Proposed Order, Just Energy agreed to extend this deadline through **March 7**, but that is unacceptable to ERCOT who insists on March 17—double the time given by the rules and nearly 5 weeks from the filing of the First Amended Complaint. See Fed. R. Civ. P. 15(a)(3) ("[A]ny required response to an amended pleading must be made … within 14 days after service of the amended pleading ….").

modifies the "Phase 1" and "Phase 2" approaches previously discussed by including an additional issue in Phase 1, i.e., whether ERCOT erred in failing to remove the HCAP after load shed ceased on February 18, and Just Energy wants to ensure those modifications are acceptable to the Court.

2. Just Energy filed the Complaint on November 12. The parties submitted their Rule 26(f) Report on December 29 in advance of the conference set by the Court on January 5. Limited Phase 1 discovery is underway as ordered on January 14. ERCOT and the PUCT have produced documents. And, consistent with the Court's ruling on February 2, Just Energy filed the First Amended Complaint on February 11—before the March 4 deadline—which contains the same factual predicate; removes Counts for unauthorized post-petition transfer and claim disallowance; and re-pleads with more particularity claims for turnover, setoff, and avoidance under Canadian law. ERCOT intends on filing a renewed motion to dismiss this action. Just Energy advised ERCOT on Wednesday February 16 that it intended to file this motion. See **Exhibit 1**.

3. Just Energy remains under time constraints that require it to keep the proceeding moving apace. Just Energy is working towards proposing a plan. And, the resolution of this lawsuit, and its potential to impact on Just Energy's liquidity, is highly relevant to its going-concerning restructuring.

4. Just Energy will try to negotiate the Proposed Order with ERCOT. But, agreement may not be possible. The parties have significant disagreements on timing as reflected in the Rule 26(f) Report that likely will persist. And, while Just Energy understands ERCOT has competing commitments in the Brazos Proceeding which starts on February 22, a de facto stay of this proceeding is unwarranted—particularly with respect to responding to the First Amended Complaint. It asserts the same claims found in the original Complaint that ERCOT has had three months to consider. ERCOT does not need nearly five weeks (February 11 to March 17) to file a renewed motion that likely will raise the same issues briefed and argued earlier this month and two other times in Brazos. And, Just Energy agreed to a one week extension (to March 7) in any event.

5. More importantly, time dedicated to Rule-12 and abstention arguments only consumes calendar days and distracts efforts that could be used to progress the proceeding closer to the end of fact discovery and summary judgment. Accordingly, Just Energy requests a conference concurrently with the Hearing relating to the ERCOT Motion to address scheduling and otherwise consider entry of the Proposed Order.

Respectfully submitted,

Dated: February 18, 2022
      New York, New York

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

_/s/ James C. Tecce_

James C. Tecce (pro hac vice to be filed)
Lindsay M. Weber (pro hac vice to be filed)
51 Madison Avenue, 22nd Floor
New York, New York 10010

-and-

_/s/ Kate K. Shih_

Kate Kaufmann Shih
  Texas Bar No. 24066056
John Bash
Pennzoil Place
711 Louisiana St., Suite 500
Houston, TX 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100

*Counsel to Plaintiffs*