United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § | CASE NO: 21-30823 |
| JUST ENERGY GROUP INC., *et al.*, | | CHAPTER 15 |
| Debtors. | | |
| JUST ENERGY TEXAS LP, *et al.*, | § § § § | |
| Plaintiffs, | | |
| VS. | § § § | ADVERSARY NO. 21-4399 |
| ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., | § § § § | |
| Defendant. | § | |

## SCHEDULING ORDER

1. The proceeding shall be conducted in three Phases.

2. **Phase 1** consists of these issues: (a) whether the PUCT Orders are valid under Texas law; (b) if the PUCT Orders are valid, whether ERCOT had discretion to continue imposition of the HCAP after 1:05 a.m. on February 18; and (c) whether the Canadian Court's determination of insolvency is binding in this adversary proceeding. Phase 1 concludes following the Court's summary judgment ruling on Phase 1 matters.

3. **Phase 2** consists of these issues: (a) whether the $9,000/MWh price was consistent with ERCOT Protocols or the parties' Standard Form Market Participant Agreement; (b) whether the Invoice Obligations are subject to avoidance as preferences under section 95 of the BIA; (c) whether any or all of the Transfers are subject to avoidance as preferences or transfers at undervalue under sections 95 and 96 of the BIA; provided, that (i) the difference between the value of the consideration received by the debtor and the value of the consideration given by the debtor

with respect to the claim for transfer at undervalue under section 96 of the BIA and (ii) whether any or all of the Transfers or their value shall be subject to recovery or turnover under section 98 of the BIA or section 542 of the Bankruptcy Code are Phase 3 issues; (d) whether Just Energy has any right of setoff, recoupment, or counterclaim against ERCOT relating to the Invoices or Transfers; and (e) any Phase 1 matter on which summary judgment was not granted.

4. **Phase 3** consists of these issues, but only to the extent that they are relevant following Phase 2: (a) the appropriate price/MWh for any relevant period in which the $9,000/MWh rate was improperly charged; (b) the difference between the value of the consideration received by the debtor and the value of the consideration given by the debtor with respect to the claim under section 96 of the BIA; (c) whether any or all of the Transfers or their value are subject to recovery or turnover under section 98 of the BIA or section 542 of the Bankruptcy Code; and (d) whether ancillary service charges and reliability adders were properly charged.

5. Just Energy may not call more than five fact witnesses in Phase 2.

6. The Schedule is:

| Event | Deadline |
| --- | --- |
| ERCOT's deadline to file a motion to dismiss the First Amended Complaint. | March 17, 2022 |
| Just Energy's deadline to file an objection to the motion to dismiss. | March 24, 2022 |
| ERCOT's deadline to file replies in support of the motion to dismiss. | March 31, 2022 |
| Hearing on ERCOT's motion to dismiss. | April 4, 2022 at 1:30 p.m. with anticipated oral bench ruling |
| Deadline to file cross motions for summary judgment on Phase 1. | April 8, 2022 |
| Deadline for ERCOT to file a motion to enlarge any dates in this Order based on the Court's April 4, 2022 ruling. | April 11, 2022 |
| Hearing, if any, on any motion to enlarge dates. | April 15, 2022 at 10:00 a.m. |

| | |
|---|---|
| Deadline to identify (non-expert) witnesses who, in good faith, are expected to submit a declaration in support of a dispositive motion or to be called to testify at trial. This provision only applies to Phase 2 witnesses. | April 22, 2022 |
| Deadline to file responses to cross motions for summary judgment on Phase 1. | April 29, 2022 |
| Deadline to identify affirmative expert witnesses (if any) and submit expert reports (if any) with respect to Phase 2. | May 2, 2022 |
| Deadline to file replies in support of summary judgment motions on Phase 1. Each reply is limited to 10 pages. | May 6, 2022 |
| Hearing on cross motions for summary judgment on Phase 1. Deadline to identify rebuttal expert witnesses (if any) and submit rebuttal expert reports (if any) with respect to Phase 2. | May 9, 2022, at 1:30 p.m. |
| Deadline to complete fact (this deadline will not apply to third-party discovery) and expert discovery with respect to Phase 2. | May 19, 2022 |
| Deadline to file cross motions for summary judgment on Phase 2. | May 23, 2022 |
| Deadline to file responses to cross motions for summary judgment on Phase 2. | June 6, 2022 |
| Deadline to file replies in support of summary judgment motions on Phase 2. Each reply is limited to 10 pages. | June 13, 2022 |
| Hearing on cross motions for summary judgment on Phase 2. | June 21, 2022, at 2:00 p.m. |
| Parties to (a) file any pre-trial motions; (b) submit final pre-trial order, witness list, joint exhibit list, and affirmative and counter deposition designations; (b) file responses to pre-trial motions; and (c) identify witnesses the parties in good faith expect will testify as rebuttal witnesses with respect to Phase 2. | To be determined after summary judgment orders. |
| Trial on Phase 2. | To be determined after summary judgment orders. |

7. A Phase 3 scheduling order will be issued after the Phase 2 ruling is issued. Discovery regarding Phase 3 may not commence without further order, or agreement by the parties.

8. No party will offer testimony (live or by deposition) by any witnesses, including a party witness or a third-party witness, unless that witness is disclosed and, to the extent controlled by the party, made available for deposition, reasonably in advance of trial.

9. Intervenors are bound by the deadlines applicable to the party with which the Intervenor is aligned on a particular matter.

10. The Court retains jurisdiction to implement and interpret this Order and to entertain any applications for cause to obtain relief from its deadlines.

SIGNED 03/01/2022

Marvin Isgur
United States Bankruptcy Judge