United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> JUST ENERGY GROUP INC., et al.,[1] <br><br> Debtors in a Foreign Proceeding. | Chapter 15 <br> Case No. 21-30823 (MI) |
| JUST ENERGY TEXAS LP, FULCRUM RETAIL ENERGY LLC, HUDSON ENERGY SERVICES LLC, JUST ENERGY GROUP, INC., and LUMINANT ENERGY COMPANY LLC, <br><br> Plaintiffs and Plaintiff-Intervenor, <br> v. <br><br> ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., NRG ENERGY INC. and CALPINE CORPORATION, <br><br> Defendant and Defendant-Intervenors. | Adv. Pro. 21-04399 (DRJ) <br><br><br><br><br><br><br><br><br><br> (Docket No. 191) |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Upon consideration of Defendant's Motion to Dismiss Second Amended Complaint [ECF No. 190] (the "**Motion**"),[2] Defendant-Intervenors' Joinder thereto [ECF No. 191], Plaintiffs' Opposition to the Motion [Docket No. 194], and all supporting declarations filed in support thereof and the exhibits attached thereto; and this Court having subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157; and for the reasons stated by the Court at the hearing held on July 27, 2022, it is hereby:

---

[1] The identifying four digits of Just Energy Group Inc.'s local Canada tax identification number are 0469. A complete list of debtor entities in these chapter 15 cases may be obtained at www.omniagentsolutions.com/justenergy.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Second Amended Complaint [ECF No. 185].

1. ORDERED that the Motion is GRANTED in part and DENIED in part; and it is further;

2. ORDERED that the allegations set forth below are stricken from the Second Amended Complaint:

- ¶ 103 ("subject to reduction only after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after the PUCT Orders expired)—and properly-charged ancillary services, both as proven at trial");

- ¶ 119 ("should be subject to reduction only after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after the PUCT Orders expired)—and properly-charged ancillary services, both as proven at trial");

- ¶ 135 ("subject to reduction only after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after the PUCT Orders expired)—and properly-charged ancillary services, both as proven at trial.");

- ¶ 136 ("subject to reduction only after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after the PUCT Orders expired)—and properly-charged ancillary services, both as proven at trial");

- ¶ 146 ("subject to reduction only after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after the PUCT Orders expired)— and properly-charged ancillary services, both as proven at trial");

- ¶ 147 ("subject to reduction only after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after

the PUCT Orders expired)—and properly-charged ancillary services, both as proven at trial"); and

- p. 53 (¶ C) ("all subject to reduction only for operating days February 13, 2021 and February 14, 2021 and after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after the PUCT Orders expired)—and properly-charged ancillary services, both as proven at trial … all subject to reduction only after a finding by the Court concerning a legally appropriate energy price-per-megawatt hour as proven by expert testimony if appropriate (but in no event greater than the $price/MWh in effect after market forces took effect at 9:00 a.m. on February 19, 2021 after the PUCT Orders expired)— and properly-charged ancillary services, both as proven at trial");

and it is further

3. ORDERED that Count 6 (28 U.S.C. § 2201: Declaration Of Entitlement To Setoff, Recoupment, Counterclaim Under Common Law; 11 U.S.C. §§ 105(a), 106(c), and 558; CCAA § 21) is dismissed with prejudice; and it is further

4. ORDERED that the Motion is DENIED in all other respects as stated on the record pursuant to Bankruptcy Rule 7052.

**Signed: July 06, 2022.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

Order submitted by:

Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

-and-

Munsch Hardt Kopf & Harr, P.C.
3800 Ross Tower
500 N. Akard Street
Dallas, TX 75201